**WO**                              NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Theresa A. Mills,

                    Plaintiff,

v.

ResourceMFG,

                    Defendant.

No. CV-15-00692-PHX-JJT

**ORDER**

At issue are Defendant ResourceMFG's Motion for Summary Judgment (Doc. 32, MSJ), to which *pro se* Plaintiff Theresa A. Mills filed a Response (Doc. 37, Resp. to MSJ), and in support of which Defendant filed a Reply (Doc. 38, MSJ Reply), as well as Plaintiff's "Request for Motion of Production of Evidence Documents" (Doc. 35)— which the Court will construe as a Motion to conduct discovery after lapse of the discovery deadline—to which Defendant filed a Response (Doc. 37). The Court elects to resolve the parties' filings without oral argument. *See* LRCiv 7.2(f).

## I.      BACKGROUND

Defendant is a recruitment service that provides flexible staffing to manufacturing companies whose need for workers rapidly fluctuates. Plaintiff first applied to work for Defendant in 2011 but was unable to accept a position when contacted. Plaintiff reapplied for work in March 2013 and was placed at Republic Plastics' factory in May 2013.

On July 26, 2013, Plaintiff was injured while on assignment at Republic Plastics. After treatment, Plaintiff was allowed to return to work the following day, subject to

specific physical restrictions prescribed by her physician. Defendant accommodated Plaintiff's restrictions in accordance with her physician's iterative orders and assisted her in receiving workers' compensation benefits through its insurance program.

In November 2013, Plaintiff took medical leave from her position to undergo surgery and recover. Soon after, Plaintiff returned to work and Defendant continued to accommodate her physician-directed restrictions.

In February 2014, Republic Plastics reduced its production levels thereby reducing its staffing needs. In response, Defendant ended the assignments of 24 employees, including Plaintiff. Nonetheless, Defendant contacted Plaintiff on multiple occasions following the end of her assignment to solicit her to work at Republic Plastics. Each time, Plaintiff stated she was unavailable or had found other employment.

On March 19, 2014, Plaintiff filed a charge of discrimination with the Arizona Civil Rights Division ("ACRD") alleging that Defendant violated the Americans with Disabilities Act ("ADA") and the Arizona Civil Rights Act ("ACRA"). The ACRD dismissed Plaintiff's charges due to a lack of evidence and provided Plaintiff with a right to sue letter. Plaintiff then filed the current action.

## II.   LEGAL STANDARDS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322). "As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000).

*Pro se* litigants are not held to the same standard as admitted or bar licensed attorneys in certain instances. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Pleadings by *pro se* litigants, regardless of deficiencies, should only be judged by function, not form. *Id.*

## III.   ANALYSIS

### A.   Plaintiff's Motion to Conduct Discovery

At the outset, the Court must address Plaintiff's Motion to Conduct Discovery (Doc. 35). On July 27, 2015, the Court entered a Scheduling Order in this matter, setting a fact discovery deadline of April 15, 2016. (Doc. 21.) Underlying Plaintiff's Motion—as well as the lack of record educed for which to respond to Defendant's motion below—is a fundamental defect: untimeliness. Plaintiff's Motion is not brought under the proper

rules or at the proper time and the Court has already admonished Plaintiff once for failing to comply with the Scheduling Order, while also granting Plaintiff additional time to file a responsive memorandum to Defendant's Motion for Summary Judgment. (Doc. 34.) "A scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). Even if the Court construed Plaintiff's Motion to Conduct Discovery as a proper request to modify the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4), that Rule provides that Scheduling Order deadlines "may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Thus, "[p]rejudice is not the relevant inquiry." *Id.* Indeed, the Ninth Circuit Court of Appeals has emphasized the importance of "a district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the [party's] prior discovery efforts were not diligent." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

Plaintiff has not provided the Court with any legally sufficient reason to re-open discovery or extend the dispositive motion deadline. And Plaintiff's *pro se* status does not provide an excuse for her continued failure to comply with the Scheduling Order deadlines and federal and local rules. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (noting that *pro se* litigants are not excused from following court rules); *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (same).

The time for Plaintiff to conduct discovery has long passed. So too has the time for Plaintiff to move to modify the Scheduling Order and extend discovery. Though Plaintiff's Motion is devoid of any assertions of diligence or extenuating circumstances, Defendant avows—and the record confirms—that Plaintiff failed to serve any timely written discovery, conduct any depositions, or otherwise participate in offensive fact

discovery until just days before the Court-imposed deadline. (Reply 2.) That is not how litigation works. The Court will deny Plaintiff's Motion to Conduct Discovery (Doc. 35).

### B. Defendant's Motion for Summary Judgment

#### 1. Procedural Defects in the Response

Before addressing Defendant's Motion on the merits, the Court is compelled to address the plethora of deficiencies in Plaintiff's Response under federal and local rules. While some faults might be expected—given her *pro se* status—at summary judgment, the elements Plaintiff must prove, and Plaintiff's burden of proof, are not relaxed simply because she is appearing without the assistance of counsel. *Jacobsen*, 790 F.2d at 1364; *see also Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules") (citation omitted).

First, Plaintiff failed to file a response to Defendant's Motion within the time period prescribed by Rule 56.1(d). Under that Rule, Plaintiff had 30 days—up to and including June 19, 2016—to file a responsive memorandum to Plaintiff's Motion. When Plaintiff failed to do so, the Court ordered that Plaintiff file a response by July 7, 2016 that "must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Arizona." (Doc. 34.) Plaintiff then filed her Response on July 7, 2016.

Second, Plaintiff failed to file a separate, contravening statement of facts as mandated by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(b). The failure to submit a separate controverting statement of facts, alone, can be fatal to opposing summary judgment. *See Malcomson v. Topps Co.*, No. CV-02-2306-PHX-GMS, 2010 WL 383359, at *3 (D. Ariz. Jan. 28, 2010). This is particularly true when, as here, Plaintiff fails to assert facts, or respond to Defendant's facts, in her Response or even in her Complaint. The Local Rules require that the non-moving party must address every one of the material facts that the moving party sets forth, and that any additional facts that establish a genuine issue of material fact must refer to "specific admissible portion[s] of

the record where the fact[s]" find support. LRCiv 56.1(b). That Rule further provides that "[e]ach numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts." *Id.* Plaintiff has not only failed to file a separate statement but has failed to anywhere respond to Defendant's Statement of Facts or to refer to any portions of the record. Thus, the Court could deem admitted Defendant's entire 27 paragraph Statement of Facts. However, given the phrase, "unless otherwise ordered," the Court "has the discretion, but is not required, to deem the uncontroverted facts admitted" and will attempt to consider any sparing facts Plaintiff has put forth. *Baker v. D.A.R.A. II, Inc.*, No. CV-06-2887-PHX-LOA, 2008 WL 80350, at *3 (D. Ariz. Jan. 4, 2008).

Third, Plaintiff repeatedly violated Federal Rule of Civil Procedure 56(c) and Local Rule 56.1(e) in her Response. "Memoranda of law filed . . . in opposition to a motion for summary judgment . . . must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies . . . ." LRCiv 56.1(e). Here, Plaintiff's one-page Response contains no citation to any statement of facts, directly to the record, or to any legal precedent whatsoever.

As stated in Local Rule 7.2, non-compliance with the substantial aspects of these requirements "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Even ignoring these deficiencies, the Court is largely unable to discern if disputed facts exist, and where it cannot so discern, the Court invokes LRCiv 56.1(b)(1) and deems those facts admitted. *Szaley v. Pima Cnty.*, 371 Fed. App'x 734, 735 (9th Cir. 2010) (holding that district court "properly deemed Defendant's statement of facts to be true because Plaintiff failed to comply with Local Rule 56.1(b)"). Proceeding in this way is consistent with the well accepted view that "a district court does not have a duty to search for evidence that would create a factual

dispute." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029–31 (9th Cir. 2001) (holding that "the district court may determine whether there is a genuine issue of fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers"). Nonetheless, the Court will attempt to consider the record before it in its entirety despite Plaintiff's failure to comply with the applicable rules. However, "[the nonmoving party's] burden to respond is really an opportunity to assist the court in understanding the facts. But if the nonmoving party fails to discharge that burden—for example by remaining silent—its opportunity is waived and its case wagered." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992); *Taylor v. AFS Techs., Inc.*, No. CV-09-2567-PHX-DGC, 2011 WL 1237609, at *6 (D. Ariz. Apr. 4, 2011) (the Court relies on "'the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.'") (citing Fed. R. Civ. P. 56(e)(2)). Even then, only those assertions in the Response that have evidentiary support will be considered. Fed. R. Civ. P. 56(c)(1)(A) ("a party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ").

### 2.    Substantive Merits

Plaintiff claims Defendant discriminated against her by failing to reasonably accommodate her normal work schedule in violation of "the Injured Workers act." (Doc. 1, Ex 1.) Because no such statute exists, and because Plaintiff's claim filed with the ACRD cited the ADA, both Defendant and the Court have provided *pro se* Plaintiff with wide latitude in construing her Complaint as one brought under the ADA. Defendant moves for summary judgment on the grounds that Plaintiff has failed to establish she was a "qualified individual with a disability," and, even if she was, Defendant made ample attempts to accommodate Plaintiff and did not discriminate against her in any form. (MSJ at 6.)  As to each, the Court agrees.

In order to establish a *prima facie* case for discrimination under the ADA, Plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) she is qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. 42 U.S.C. § 12132; *Samper v. Providence St. Vincent Med. Center*, 675 F.3d 1233, 1237 (9th Cir. 2012). Plaintiff has failed to present evidence as to any of the *prima facie* elements of her claim.

First, Plaintiff has failed to demonstrate she has a qualified disability under the ADA. *See* 42 U.S.C. § 12102. In her Complaint—which is less than a page in length—Plaintiff makes conclusory assertions about her workplace injury and subsequent surgery, neither of which Defendant denies, but makes no avowals of actual disability or substantial limitations of activity. *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014) (noting that the ADA requires that the record contain "substantial evidence" showing that the Plaintiff is "limited in [their] ability to work" compared to most people in the general population). Indeed, Plaintiff does not even describe her injury, diagnosis, surgery, recovery, or limitations. Instead, Defendant has educed testimony from Plaintiff confirming that she had little to no limitation stemming from her injury or surgery. (Defendant's Statement of Facts ("DSOF") ¶¶ 8-12, 26-27.) In her Response—which is also less than a page in length—Plaintiff provides slightly more detail than her Complaint regarding the torn ligaments in her knee but again fails to provide any evidence that her injury is a qualified disability under the ADA.[1] As such, Plaintiff has provided no evidence whatsoever to substantiate her claim that she is disabled as contemplated by the ADA.

Second, even were Plaintiff to establish that she is or was disabled under the ADA, Plaintiff has failed to identify a single accommodation that she was entitled to but denied.

---

[1] As already noted, Plaintiff's Response lacks any citation whatsoever to the record or a statement of facts which could substantiate her assertions and create an issue of fact. Moreover, the Response, while signed by Plaintiff, is not in the form of an affidavit or declaration that could serve as proper evidence—self-serving as it may be—for the Court to consider at summary judgment.

To the contrary, Defendant provides wholly uncontroverted evidence that each and every note from a healthcare provider resulted in the provision of physical restriction accommodations. (DSOF ¶¶ 8-10.) Further, despite Plaintiff's unsubstantiated and vague assertions, Defendant has provided ample evidence that after her initial assignment was terminated Defendant continued to solicit Plaintiff for work when its client had the requisite need.[2] (DSOF ¶¶ 17-20.) At each turn, Plaintiff declined each solicitation. (DSOF ¶¶ 17-20.)

Finally, Plaintiff has failed to establish that she suffered any adverse employment action due to her alleged disability. Rather, Defendant has provided unrefuted evidence that Plaintiff's termination, along with 24 other employees, was linked solely to its client's production levels and staffing needs. (DSOF ¶¶ 13-14.) Indeed, the blanket decrease in placement at the factory, as well as the uncontroverted evidence that Defendant attempted to re-employ Plaintiff at the factory once production levels rose, directly contradict any potential inference that Plaintiff's termination was due to her purported disability. (DSOF ¶¶ 15-20.)

## IV.   CONCLUSION

Despite Plaintiff's sparse pleadings, lack of record or legal citation, and failure to comply with federal and local rules, the Court has searched the entirety of the record— which has been solely cultivated by Defendant—endeavoring to discern the existence of a triable issue. Having found none, even when viewing the record in the light most favorable to Plaintiff, the Court finds Plaintiff's claims untenable, with no genuine issue of material fact as to any of the vital elements of her claims. At bottom, all of Plaintiff's claims fail for one reason: after the Defendant met its initial burden of demonstrating the absence of a genuine issue of material fact, *see Celotex*, 477 U.S. 317, Plaintiff failed

---

[2] Plaintiff's unsworn Response does state that she will prove "through eyewitness testimony" that Defendant had employment opportunities but communicated to Plaintiff that none were available. (Resp. at 1.) However, Plaintiff cannot survive summary judgment by submitting speculative avowals of what some unspecified witnesses may prove through unspecified testimony. To carry any weight, Plaintiff must provide much more detailed testimony through declaration, deposition, or otherwise. LRCiv 56.1(a).

entirely to counter with a showing of evidence sufficient to provide a reasonable jury with a basis to rule in her favor. *See Anderson*, 477 U.S. at 249-50, 254. Indeed, Plaintiff provided no evidence or testimony whatsoever.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 32) as to all of Plaintiff's claims.

**IT IS FURTHER ORDERED** denying Plaintiff's "Request for Motion of Production of Evidence Documents" (Doc. 35).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this matter.

Dated this 17th day of January, 2017.

Honorable John J. Tuchi
United States District Judge